UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RITCHIE CAPITAL MANAGEMENT, LLC, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) 09 CV 07228<br>)<br>) Judge John W. Darrah |
| JEFFRIES, et al. | )<br>) |
| Defendants. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Ritchie Capital Management, LLC; Ritchie Special Credit Investments, Ltd.; Rhone Holdings II, Ltd.; Yorkville Investments I, LLC.; and Ritchie Capital Structure Arbitrage Trading, Ltd. ("Plaintiffs") have filed a complaint against Defendants Mary Jeffries (individually, "Jeffries") and Camille Chee-Awai (individually, "Chee-Awai") (collectively, "Defendants") for Racketeer Influenced and Corrupt Organization Act ("RICO") violations along with common-law fraud by both Defendants.

Defendants have filed a joint motion to dismiss for improper venue based on Federal Rule of Civil Procedure 12(b)(3) or in the alternative, a motion to stay these proceedings pending the outcome of litigation in the District of Minnesota. Defendant Jeffries has filed an alternative motion to transfer venue to the District of Minnesota. For the following reasons, Jeffries' motion to transfer venue to the United States District Court for the District of Minnesota is granted.

## BACKGROUND

Defendants are both corporate officers in Petters Group Worldwide, LLC ("PGW"), which is a related company of Petters Company, Inc ("PCI"). PGW indirectly owns 100 percent

of Polaroid Corporation ("Polaroid"). Jeffries is Polaroid's CEO. These entities all have their principal place of business in Minnesota and are owned and controlled by Thomas J. Petters ("Petters"). In Minnesota, a federal grand jury handed down a twenty-count indictment against Petters, alleging he orchestrated a massive fraud by way of a Ponzi scheme involving billions of dollars. Petters, as well as PGW, PCI, Polaroid and other related entities, is subject to a receivership action in the District of Minnesota due to this fraud. The United States brought this action in order to arrange the orderly disposition of assets of PGW, PCI, Polaroid, and other related companies. *See United States v. Petters*, No. 08-5348 (D. Minn. Dec. 8, 2008). This action was necessary due to the arrest of Petters on or around October 3, 2008, by federal authorities. The criminal charges against Petters are multiple counts of wire and mail fraud, conspiracy, and money laundering. Business associates of Petters have also been charged, and some have entered guilty pleas due to their involvement in the scheme. The District Court of Minnesota appointed a receiver for PGW, PCI, Polaroid, and other related companies.

The appointed receiver in the Minnesota District Court then filed a voluntary petition for Chapter 11 relief as provided by the Bankruptcy Code. In the bankruptcy action, an adversary complaint was filed against Plaintiffs here, seeking a declaration that Plaintiffs do not have a valid security interest in Polaroid and to set aside any interest that Plaintiffs hold in Polaroid as fraudulently obtained. The adversary complaint alleges a conspiracy between Petters and Plaintiffs to improperly extract value from Polaroid for the benefit of Plaintiffs and to keep Petters' other fledgling businesses afloat. The adversary complaint goes on to state that Petters perpetrated a "Ponzi scheme, which is one of the largest investment frauds in the history of Minnesota . . . ." (Adversary Complaint ¶ 24, *In re Polaroid*, No. 08-46617 (Bankr. D. Minn. 2008)).

Plaintiffs have answered the Minnesota adversary complaint and filed a counterclaim, requesting declaratory relief that Plaintiffs have a valid security interest in Polaroid and in promissory notes signed by PCI and the other related entities. Plaintiffs aver in the counterclaim that Jeffries actively participated in the negotiations between Plaintiffs and PGW for the security interest in Polaroid and that it was Jeffries that should have, or could have, known about the fraud being perpetrated but did not advise Plaintiffs of any wrongdoing.

Plaintiffs' Complaint in this District alleges RICO violations as well as common-law fraud by the Defendants arising out of the negotiations between Plaintiffs' companies and Defendants as corporate officers in one or more of Petters' companies. Plaintiffs allege that the Defendants participated in the above-described conspiracy, along with Petters and others, to deprive the Plaintiffs of a security interest it believed it had in Polaroid.

Defendants contend that Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) because it is the improper venue due to the pending litigation in the District of Minnesota. In the alternative, the Defendants request that this matter be stayed pending the Minnesota litigation. Defendants point to the case of *United States v. Petters*, No. 08-5348 (D. Minn. Dec. 8, 2008), and to the receivership order issued by that court, which stated: "[a]ny and all actions that would interfere with the exclusive jurisdiction of this Court over the assets or documents of [Petters, PGW, PCI, Polaroid, and other defendants] are hereby enjoined . . . ." Defendants further argue principles of comity require this District not to interfere with the affairs of the District of Minnesota. Although Defendant Chee-Awai did not join in Defendant Jeffries' alternative motion to transfer venue to the District of Minnesota, she admits personal jurisdiction over her by the District of Minnesota and does not dispute venue in that District.

Plaintiffs' response to the Defendants' motion to dismiss for improper venue or, in the alternative, motion to stay these proceedings asserts that the pending litigation in Minnesota is separate and distinct from Plaintiffs' Complaint against Defendants for RICO violations and other common-law fraud claims. Plaintiffs respond to the motion to transfer venue of Jeffries by arguing that Jeffries has not shown that transferring this case to Minnesota is in the interest of justice.

## LEGAL STANDARD AND ANALYSIS

*Jeffries' Motion to Transfer pursuant to 28 U.S.C. § 1404(a)*

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action "[f]or the convenience of parties and witnesses [and] in the interest of justice . . . to any other district or division where it might have been brought." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 959 (N.D. Ill. 2000) (*quoting* 28 U.S.C. § 1404(a)) (*Amoco*). Transfer pursuant to § 1404(a) is appropriate "where: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice." *Id.* (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n.3 (7th Cir. 1986) (*Coffey*)). One of the purposes of providing this power to the district courts was to avoid the "wastefulness of time, energy, and money" due to simultaneous pending litigation involving the same issues in different district courts. *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). The party challenging venue using § 1404(a) has the burden of demonstrating that the requested venue is more convenient for the parties or that the transfer would serve the interest of justice. *Coffey*, 796 F.2d at 219-20. The trial court judge has the sound discretion as to whether to transfer a case. *Amoco*, 90 F.Supp.2d at 960.

Applying these principles to the case at hand, the first two elements of transfer are met. Venue is proper in this District, satisfying the first element to consider in determining transfer pursuant to § 1404(a). The thrust of the Plaintiffs' Complaint alleges RICO violations. RICO is a federal statute; thus, federal question jurisdiction applies. Because this case presents a federal question, 28 U.S.C. § 1391(b) provides venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The Defendants contacted the Plaintiffs in this District to negotiate the disputed secured transaction. The United States District Court for the Northern District of Illinois is therefore a proper venue to hear a federal question case pertaining to RICO violations that allegedly occurred in this District.

The second element is satisfied because venue and jurisdiction exists in the District of Minnesota. The Plaintiffs have submitted to the jurisdiction and venue of the District of Minnesota in the receivership action as well as filed a claim in the bankruptcy case in that District involving the same set of facts alleged in Plaintiffs' Complaint in this District. Jeffries requests this transfer, and Chee-Awai does not dispute jurisdiction over her in the District of Minnesota and takes no position whether it would be more convenient for her in this District or the District of Minnesota. Therefore, venue and jurisdiction are proper in the transferee district.

The remaining factor requires a determination as to whether the transfer will serve the convenience of the parties and witnesses and further the interest of justice. *Amoco*, 90 F.Supp.2d at 960.

In order to determine the convenience of one venue over another, the court should review five factors: "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses." *Amoco*, 90 F.Supp.2d at 960.

The plaintiff's choice of forum is typically given a great deal of weight, particularly if the forum is the plaintiff's home forum. *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F.Supp.2d 731, 735 (N.D. Ill. 2007) (*Amorose*). However, the plaintiff's choice of forum is given less weight "when another forum has a stronger relationship to the dispute." *Id.*

Applying this factor, this is the Plaintiffs' home forum; thus, considerable weight is given to its decision to choose this District. However, as noted above, the events related to the dispute here are alleged to be one of the "largest investment frauds in the history of Minnesota." The parties here do not dispute this. Minnesota therefore has a significant interest in resolving this matter, and litigation is currently progressing in that District involving some of the same set of facts and circumstances that gave rise to this Complaint. The case here has a strong connection to Minnesota, and this factor weighs heavily in favor of transfer.

The material events of this case occurred both in Minnesota and the Northern District of Illinois. The Plaintiffs aver that the Defendants' companies contacted the Plaintiffs in Illinois to obtain the disputed loans. However, this was an ongoing negotiation with contacts to both jurisdictions. Therefore, this favors neither party.

The material documents of this case are under the exclusive control of the District Court of Minnesota in the case of *United States v. Petters*, No. 08-5348 (D. Minn. Dec. 8, 2008). Further, PGW, PCI, and Polaroid all have their principal places of business in Minnesota. This factor weighs in favor of transfer.

As to the convenience of the parties, PGW, PCI and Polaroid, as well as Jeffries, are all located in Minnesota. Chee-Awai is a Florida resident but does not object to the jurisdiction and venue of the District of Minnesota. The Plaintiffs are Illinois companies, but the Plaintiffs are now engaged in litigation in Minnesota based on this disputed secured transaction. The

receivership action, as well as the bankruptcy adversary complaint, requires this party to litigate in Minnesota. Requiring Plaintiffs to litigate this case in Minnesota will not cause Plaintiffs an undue burden. Therefore, this factor weighs in favor of transfer.

Neither party advances an argument that the non-party witnesses would be inconvenienced by either venue. Therefore, this factor is neutral in determining transfer.

In sum, consideration of the convenience of the parties and witnesses weigh heavily in favor of transfer of this case to the District of Minnesota.

Transfers based on the interest of justice are focused on "efficient administration of the court system, rather than the private considerations of the litigants." *Espino v. Top Draw Freight Sys., Inc.*, 713 F.Supp. 1243, 1245 (N.D. Ill. 1989). Considerations to be taken into account when determining the interest of justice include: the court's familiarity with the area of law, the connections the community has to the occurrence, and the interest of resolving controversies where they occur. *Amoco*, 90 F.Supp.2d at 962 (citing *H&V Silver Mine, Inc. v. Cohen*, No. 96 C 3550, 1997 WL 639229, at *5 (N.D. Ill. Oct. 6, 1997)).

Applying these principles to the case at hand, the interest of justice compels the transfer of this case to the District of Minnesota for several reasons. The pending litigation in the District of Minnesota involves the same or similar issues to those raised by Plaintiffs' claims in this District, and the district court in Minnesota has asserted exclusive jurisdiction over related claims and some of the same parties to the Complaint before this Court. In this regard, Plaintiffs candidly admit that if the receivership order was not in place in Minnesota, Plaintiffs would add Petters, PCI, PGW, and other defendants to this action. Moreover, because this case involves the same issues as the case in the District of Minnesota, there is a clear risk of inconsistent verdicts if this case were to proceed here, independent of the Minnesota action. In addition, transferring

this matter to the District of Minnesota would promote more efficient, unified discovery. Therefore, the efficient administration of the court system would be best served by transferring this case to that District.

The District of Minnesota is obviously capable of adjudicating claims and applying Illinois law, if necessary. Finally, the breadth and local nature of the alleged misconduct, i.e., one of the largest investment frauds in the history of Minnesota, implicate consideration of that community to be the place where these issues are resolved.

The consideration of the interest of justice weighs in favor of transferring this matter to the District of Minnesota.

In conclusion, based on the requirements of 28 U.S.C. § 1404(a), this Court finds that this matter should be transferred to the United States District Court for the District of Minnesota.

Defendants' alternative motion to stay these proceedings pending the outcome of the District of Minnesota litigation is denied as moot.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss pursuant to Rule 12(b)(3) is denied. Jeffries' motion to transfer pursuant to 28 U.S.C. § 1404(a) is granted. This matter is hereby transferred to the United States District Court for the District of Minnesota.

Date: March 4, 2010

JOHN W. DARRAH
United States District Court Judge

8